IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID GARFINKLE,<br><br>            Plaintiffs,<br><br>       vs.<br><br>KYO-YA HOTELS & RESORTS, LP dba SHERATON MAUI RESORT & SPA, SHERATON HAWAII HOTELS CORPORATION; STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC.; WESTIN MAUI LLC dba THE WESTIN MAUI; MAUI OPERATING LLC; BEACH ACTIVITIES OF MAUI, INC.; BAMSURF, INC., ASSOCIATION OF APARTMENT OWNERS OF MAUI OCEAN CLUB; and MAUI OCEAN CLUB VACATION OWNERS ASSOCIATION,<br><br>            Defendants. | CIVIL NO. 15-00162 DKW-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BEACH ACTIVITIES OF MAUI, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
BEACH ACTIVITIES OF MAUI, INC.'S PETITION
<u>FOR DETERMINATION OF GOOD FAITH SETTLEMENT</u>[1]

Before the Court is Defendant Beach Activities of Maui, Inc.'s ("BAMI") Petition for Determination of Good Faith Settlement, filed on May 27, 2016 ("Petition"). ECF No. 223. The Petition seeks approval of the settlement between Plaintiff and Defendants pursuant to Hawaii Revised Statutes

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Section 663-15.5.  Defendants Association of Apartment Owners of Maui Ocean Club and Maui Ocean Club Vacation Owners Association filed a Statement of No Position to the Petition on June 1, 2016.  ECF No. 228.  Because no objections to the Petition were filed, the Court vacated the hearing set for July 18, 2016, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  ECF No. 231.  After carefully considering the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant BAMI's Petition be GRANTED for the reasons set forth below.

BACKGROUND

This personal injury action arises out of a surf lesson that Plaintiff took on November 2, 2014, while vacationing on Maui.  ECF No. 63 ¶ 14.  During the lesson, Plaintiff fell off his surfboard, struck his head, and was rendered a quadriplegic.  See id. ¶¶ 19-20.  Plaintiff alleges that the surf lesson was pre-arranged by Meridican, a travel/tour company located in Canada.  Id. ¶ 14.  Plaintiff alleges that Defendant BAMI and Defendant BAMSURF, Inc. offered the surf lesson.  Id.  Plaintiff alleges that at the time of his accident he was a guest of Defendant Sheraton Maui Resort & Spa, which is owned by Defendant Kyo-Ya Hotels & Resorts, LP, and operated and managed by Sheraton and Defendant Starwood Hotels & Resorts Management Company, Inc.  Id. ¶¶ 15, 51.  Plaintiff alleges that before he took the surf

lesson, he walked down to the Westin Hotel, which is owned and Operated by Defendant Westin Maui LLC, dba the Westin Maui, and Defendant Maui Operating LLC, and signed paperwork.  Id. ¶ 16. Plaintiff also alleges that after signing the paperwork, he then walked to a grassy area located on the hotel grounds of the Maui Ocean Condominium, aka the Marriott, which is owned and operated by Defendant Association of Apartment Owners of Maui Ocean Club and Defendant Maui Ocean Club Vacation Owners Association, to begin the surf lesson.  Id. ¶ 17.

Following a Settlement Conference with the Court, a Settlement on the Record was held on April 21, 2016.  See ECF No. 220.  Plaintiff and Defendants agreed to settle pursuant to the terms stated on the record under seal, which were memorialized in a Confidential Release, Indemnification and Settlement Agreement. See ECF No. 230.  In the present Petition, Defendant BAMI seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes Section 663-15.5.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the

settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.  Haw. Rev. Stat. § 663-15.5(a) and (d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiff and Defendants entered into settlement in good faith. The Court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of Section 663-15.5 and are reasonable and in good faith.

## CONCLUSION

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between Plaintiff and Defendants was in good faith under Hawaii Revised Statutes Section 663-15.5 and RECOMMENDS that Defendant Beach Activities of Maui, Inc.'s Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 22, 2016.



Richard L. Puglisi
United States Magistrate Judge

**GARFINKLE V. KYO-YA HOTELS & RESORTS, LP, ET AL.;** CIVIL NO. 15-00162 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BEACH ACTIVITIES OF MAUI, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT